IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| Billie Beason, f/k/a Shore, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Midland Funding LLC, a Delaware limited liability company, and Blatt, Hasenmiller, Leibsker & Moore LLC, an Illinois limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Billie Beason, f/k/a Shore, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendants transact business here.

**PARTIES**

3. Plaintiff, Billie Beason, f/k/a Shore ("Beason"), is a citizen of the State of Illinois, residing in the Central District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Bank of Marin, but now allegedly owed to Midland Funding, LLC.

4.     Defendant, Midland Funding, LLC, is a Delaware limited liability company, ("Midland"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois.  In fact, Defendant Midland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Beason.

5.     Defendant Midland is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC.  The debts that Midland buys are often so old that they are beyond the statute of limitations, and Midland often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

6.     Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), is an Illinois limited liability company and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois.  In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Beason.

**FACTUAL ALLEGATIONS**

7.     At some point in the past, Ms. Beason allegedly opened an account for a Bank of Marin credit card, which subsequently became delinquent.

8. On May 14, 2007, Defendants filed a lawsuit against Ms. Beason in a matter styled: <u>Midland Funding LLC. v. Shore</u>, Case No. 2007-SC-0515 (Coles County, Illinois)(the "State Court Lawsuit"). A copy of the State Court Lawsuit is attached as Exhibit <u>A</u>.

9. According to the State Court Lawsuit, Defendant Midland purchased the account from an unidentified, purported "predecessor in interest". <u>See</u>, ¶ 3 of the "Affidavit" attached to Defendants' State Court Lawsuit at Exhibit <u>A</u> hereto.

10. The complaint in the State Court Lawsuit falsely claimed that Midland was "authorized to do business in the State of Illinois" – even though Defendant Midland, a Delaware limited liability company, is not licensed to conduct business in Illinois, as required by 805 ILCS 5/13.70. <u>See</u>, Exhibit <u>A</u>.

11. The complaint in the State Court Lawsuit claimed to be based on an alleged contract originally entered into between Bank of Marin and Ms. Beason, but did not assert a claim for breach of a written contract. In fact, Defendants failed to attach to the complaint in the State Court Lawsuit any evidence of the alleged contract, failed to attach any documents, or allege any facts, supporting the alleged contract, and failed to attach any evidence of, or allege in detail, the several assignments between the original creditor and all owners of the debt prior to Defendant Midland. <u>See</u>, Exhibit <u>A</u>.

12. Instead, the complaint in the State Court Lawsuit asserted that Ms. Beason was liable to Midland based upon an "account stated" in the amount of $774.07. Moreover, Defendants claimed, in a purported affidavit attached to the complaint in the State Court Lawsuit, that "the final statement of account" for the debt allegedly owed by

Ms. Beason was dated "2002-03-11", yet they sued her more than five years later on May 14, 2007 – beyond the 5-year statute of limitations.  <u>See</u>, Exhibit <u>A</u>.

13 .   In the State Court Lawsuit, Defendants claimed that Ms. Beason was liable for the purported balance of the alleged debt, as well as an unspecified amount of costs.  <u>See</u>, Exhibit <u>A</u>.

14.   Defendants have a policy, practice and procedure of filing lawsuits on scavenged debt as to which they have no documentary proof and cannot, or do not have any intention to, obtain.  Instead, Defendants rely upon obtaining default judgments against consumers, but close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

15.   Here, when Ms. Beason challenged Defendants' State Court Lawsuit via a motion to dismiss, the Defendants folded up shop and moved to strike their bogus lawsuit with leave to re-file it; Defendants, however, failed to re-file their lawsuit within the time prescribed by the State Court.

16.   All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

17.   Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**False Statements**

18.   Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

20. Defendants' collection actions violating § 1692e of the FDCPA, include, but are not limited to:

- A) falsely stating that Defendant Midland was "authorized to do business in the State of Illinois";
- B) falsely claiming that an account stated existed;
- C) attaching a false affidavit in support of the State Court Lawsuit; and,
- D) falsely filing suit beyond the applicable statute of limitations;

were false or deceptive or misleading.

21. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

24. Defendants' collection actions that were unfair or unconscionable, in violation of § 1692f of the FDCPA, include, but are not limited to:

    A)    filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor likely any ability, ever to obtain documentary proof to support their claims;

    B)    filing a lawsuit when Midland was not licensed or registered to do so in the State of Illinois;

    C)    asserting an inapplicable theory of recovery, namely an account stated, when, in fact, an account stated did not exist;

    D)    attaching a false affidavit in support of the State Court Lawsuit; and,

    E)    filing suit beyond the applicable statute of limitations.

25.    Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Billie Beason, f/k/a Shore, prays that this Court:

1.    Declare that Defendants' collection actions violate the FDCPA;

2.    Enter judgment in favor of Plaintiff Beason and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Billie Beason, f/k/a Shore, demands trial by jury.

                          Billie Beason, f/k/a Shore,

                          By: /s/ David J. Philipps

Dated: January 29, 2008            One of Plaintiff's Attorneys

David J. Philipps      (Ill. Bar No. 06196285)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Douglas A. Antonik  (Ill. Bar No. 06190629)
Antonik Law Offices
411 Main Street
Mt. Vernon, Illinois 62864
(618) 244-5739
(618) 244-9633 (FAX)
antoniklaw@charter.net

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

1. U.S. Government Plaintiff
2. U.S. Government Defendant
3. Federal Question (U.S. Government Not a Party)
4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (excl. vet.)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Inj. | **PERSONAL INJURY**<br>362 Personal Injury— Med. Malpractice<br>365 Personal Injury — Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 610 Agriculture<br>620 Other Food & Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 R.R. & Truck<br>650 Airline Regs.<br>660 Occupational Safety/Health<br>690 Other<br>**LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt.Reporting & Disclosure Act<br>740 Railway Labor Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark<br>**SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | 400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Security/Commodity/Exch.<br>875 Customer Challenge 12 USC 3410<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>895 Freedom of Information Act<br>900 Appeal of Fee Determination Under Equal Access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>444 Welfare<br>445 ADA—Employment<br>446 ADA — Other<br>440 Other Civil Rights | 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>530 General<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

1. Original Proceeding
2. Removed from State Court
3. Remanded from Appellate Court
4. Reinstated or Reopened
5. Transferred from another district (specify)
6. Multidistrict Litigation
7. Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS
(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter perviously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:    **JURY DEMAND:**    Yes    No

**IX. This case**    is not a refiling of a previously dismissed action.
is a refiling of case number _____, previously dismissed by Judge _____

DATE    SIGNATURE OF ATTORNEY OF RECORD

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, ILLINOIS

MIDLAND FUNDING LLC
    Plaintiff,

vs.

BILLIE SHORE
▓▓▓▓▓▓▓▓ IL

    Defendant(s)

Case No.: 20-07 SC 0515



FILED
MAY 14 2007

*Vicki Kirkpatrick*
Circuit Clerk  COLES COUNTY, ILLINOIS

## COMPLAINT

1. **NOW COMES** Plaintiff and states as follows:

2. Plaintiff is authorized to do business in the State of Illinois and the Defendant is a resident of COLES County, Illinois.

3. The Defendant opened a charge account with BANK OF MARIN promising to make monthly payments as specified in the Charge Agreement for purchases charged to the account.

4. The Plaintiff did take an assignment of said Charge Account in good faith, for value, and in the regular course of business.

5. The Defendant did make purchases and charged same to the account, and there is an account stated in the sum of $774.07. (See Client affidavit as Plaintiff's Exhibit 1)

6. The Defendant has failed to make the monthly payments due on the account, whereupon the Plaintiff declared the Defendant to be in default and demands payment of the balance.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant in the amount of $774.07 plus costs.

Respectfully submitted,
MIDLAND FUNDING LLC

*[signature]*
Attorney for Plaintiff

Blatt, Hasenmiller, Leibsker & Moore LLC
Attorneys for Plaintiff
211 Landmark Drive, Suite E-5
Normal, Illinois 60761-6165
(866) 289-9858
1866269

NDB0

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**



EXHIBIT A

1866269

Form 409 (Illinois & Indiana)

State of _____ )
                        ) ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

Midland Funding LLC,
                          Plaintiff
Vs.                                              Affidavit

SHORE, BILLIE,
                          Defendant

After first being sworn upon oath, ELIZABETH NEU, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding LLC. I make the statements herein based upon my personal knowledge. Midland Funding LLC is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number ██████0484, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding LLC were retained on Midland Funding LLC - Midland Funding LLC behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding LLC the sum of $774.07.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's BANK OF MARIN account number, 4██████████43449, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $774.07 on 2002-03-11; and that such balance will continue to earn interest at a rate of ____% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make either payments on the account, or pay the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, based upon business dealings with the defendant, that defendant is not in the military service and is not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

Dated this 15 day of February, 2007.

ELIZABETH NEU

*/s/ Elizabeth Neu*
Affiant's Signature

**EXHIBIT #1**

Form 409 (Illinois & Indiana)

State of California
County of San Diego
Subscribed and sworn to (or affirmed) before me on this 15 day of February 2007 by ELIZABETH NEU personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

*[Notary seal: BERNICE EVELYN THELL, Notary Public-Minnesota, My Commission Expires Jan. 31, 2011]*

*[Signature: Bernice Evelyn Thell]*
Notary Public for the State of California

IL21
BLATT, HASENMILLER, LEIBSKER & MOORE

**EXHIBIT #1**