E-FILED
Tuesday, 04 March, 2008  02:59:09 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BILLIE BEASON, f/k/a SHORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:08-CV-02030-HAB-DGB |
| ) | |
| Midland Funding LLC, a Delaware limited ) | |
| liability company, and Blatt, Hasenmiller, ) | |
| Leibsker & Moore LLC, an Illinois limited ) | |
| liability company, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BLATT, HASENMILLER, LEIBSKER & MOORE,
LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC, by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:**   Admit.

2.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendants transact business here.

**ANSWER:**   Defendant admits that venue is proper in this district and that it transacts business here.  Defendant is without knowledge or information sufficient to form a belief as to whether plaintiff resides here or whether Defendant Midland transacts business here and, thus, denies same.  Defendant denies the remaining allegations contained in paragraph 2.

## PARTIES

3.  Plaintiff, Billie Beason, f/k/a Shore ("Beason"), is a citizen of the State of Illinois, residing in the Central District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Bank of Marin, but now allegedly owed to Midland Funding, LLC.

**ANSWER:** Defendants admit plaintiff owes a debt to Midland Funding, LLC that she originally incurred to the Bank of Marin. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.  Defendant Midland Funding, LLC, is a Delaware limited liability company, ("Midland"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois. In fact, Defendant Midland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Beason.

**ANSWER:** Defendant admits Midland is a Delaware limited liability company and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.  Defendant Midland is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC. The debts that Midland buys are often so old that they are beyond the statute of limitations, and Midland often has no documentary proof to support the validity of the debt – a type of debt the media has recently named "Zombie Debt."

**ANSWER:** Defendant admits that Midland is a debt buyer and that Midland often retains Blatt to pursue collection of those debts. Defendant denies the remaining allegations contained in paragraph 5.

6.  Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), is an Illinois limited liability company and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Beason.

**ANSWER:** Defendant admits generally that it is a "debt collector" within the meaning of the FDCPA, but is without knowledge or information sufficient to form a belief as to whether the debt at issue here is a "consumer debt" within the meaning of the FDCPA.

## FACTUAL ALLEGATIONS

7. At some point in the past, Ms. Beason allegedly opened an account for a Bank of Marin credit card, which subsequently became delinquent.

**ANSWER:** Admit.

8. On May 14, 2007, Defendants filed a lawsuit against Ms. Beason in a matter styled: <u>Midland Funding LLC v. Shore</u>, Case No. 2007-SC-0515 (Coles County, Illinois)(the "State Court Lawsuit"). A copy of the State Court Lawsuit is attached as Exhibit <u>A</u>.

**ANSWER:** Defendant admits that Midland referred plaintiff's account to it for collection and that on May 14, 2007, Midland filed suit against plaintiff in the Coles County Circuit Court. Defendant admits that a copy of the lawsuit is attached to plaintiff's complaint as Exhibit A. Defendant denies the remaining allegations, if any, contained in paragraph 8.

9. According to the State Court Lawsuit, Defendant Midland purchased the account from an unidentified, purported "predecessor in interest". <u>See</u>, ¶ 3 of the "Affidavit" attached to Defendants' State Court Lawsuit at Exhibit <u>A</u> hereto.

**ANSWER:** Defendant states that the affidavit speaks for itself and denies the remaining allegations contained in paragraph 9.

10. The complaint in the State Court Lawsuit falsely claimed that Midland was "authorized to do business in the State of Illinois" – even though Defendant Midland, a Delaware limited liability company, is not licensed to conduct business in Illinois, as required by 805 ILCS 5/13.70. <u>See</u>, Exhibit <u>A</u>.

**ANSWER:** Defendant states that the complaint speaks for itself and denies the remaining allegations contained in paragraph 10.

11. The complaint in the State Court Lawsuit claimed to be based on an alleged contract originally entered into between Bank of Marin and Ms. Beason, but did not assert a claim for a breach of a written contract. In fact, Defendants failed to attach to the complaint in the State Court Lawsuit any evidence of the alleged contract, and failed to attach any evidence

3

of, or allege in detail, the several assignments between the original creditor and all owners of the debt prior to Defendant Midland.  See, Exhibit A.

**ANSWER:** Defendant states that the complaint speaks for itself and denies the remaining allegations contained in paragraph 11.

12. Instead, the complaint in the State Court Lawsuit asserted that Ms. Beason was liable to Midland based upon an "account stated" in the amount of $774.07.  Moreover, Defendants claimed, in a purported affidavit attached to the complaint in the State Court Lawsuit, that "the final statement of account" for the debt allegedly owed by Ms. Beason was dated "2002-03-11", yet they sued her more than five years later on May 14, 2007 – beyond the 5-year statute of limitations.  See, Exhibit A.

**ANSWER:** Defendant states that the complaint and the affidavit speak for themselves and denies the remaining allegations contained in paragraph 12.

13. In the State Court Lawsuit, Defendants claimed that Ms. Beason was liable for the purported balance of the alleged debt, as well as an unspecified amount of costs.  See, Exhibit A.

**ANSWER:** Defendant states that the pleadings in the State Court Lawsuit speak for themselves and denies the remaining allegations contained in paragraph 13.

14. Defendants have a policy, practice and procedure of filing lawsuits on scavenged debt as to which they have no documentary proof and cannot, or do not have any intention to, obtain.  Instead, Defendants rely upon obtaining default judgments against consumers, but close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

**ANSWER:** Deny.

15. Here, when Ms. Beason challenged Defendants' State Court Lawsuit via a motion to dismiss, the Defendants folded up shop and moved to strike their bogus lawsuit with leave to re-file it; Defendants, however, failed to re-file their lawsuit within the time prescribed by the State Court.

**ANSWER:** Defendant admits that Midland voluntarily dismissed the collection lawsuit without prejudice and that Midland did not re-file the lawsuit.  Defendant denies all remaining allegations contained in paragraph 15.

16. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 because the phrase "collection actions at issue" is vague and undefined.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** Defendant admits that the *Gammon* case speaks for itself, and denies the remaining allegations contained in paragraph 17.

**COUNT I**
**Violation Of § 1692E Of The FDCPA --**
**False Statements**

18. Plaintiff adopts and realleges ¶¶ 1-17.

**ANSWER:** Defendant adopts and incorporates herein its responses to paragraphs 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

**ANSWER:** Defendant states that the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 19.

20. Defendants' collection actions violating § 1692e of the FDCPA, include, but are not limited to:

    A) falsely stating that Defendant Midland was "authorized to do business in the State of Illinois";

    B) falsely claiming that an account stated existed;

    C) attaching a false affidavit in support of the State Court Lawsuit; and,

    D) falsely filing suit beyond the applicable statute of limitations; were false or deceptive or misleading.

**ANSWER:** Deny.

21. Defendants' violations of § 1692e of the FDCPA render them liable for actual and

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**ANSWER:**   Deny.

## COUNT II
### Violation Of § 1692f Of The FDCPA –
### Unfair or Unconscionable Collection Actions

22.   Plaintiff adopts and realleges ¶¶ 1-17.

**ANSWER:**   Defendant adopts and incorporates herein its responses to paragraphs 1-17.

23.   Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  See, 15 U.S.C. § 1692f.

**ANSWER:**   Defendant states that the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 23.

24.   Defendants' collection actions that were unfair or unconscionable, in violation of § 1692f of the FDCPA, include, but are not limited to:

    A)   filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor likely any ability, ever to obtain documentary proof to support their claims;

    B)   filing a lawsuit when Midland was not licensed or registered to do so in the State of Illinois;

    C)   asserting an inapplicable theory of recovery, namely an account stated, when, in fact, an account stated did not exist;

    D)   attaching a false affidavit in support of the State Court Lawsuit; and,

    E)   filing suit beyond the applicable statute of limitations.

**ANSWER:**   Deny.

25.   Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**ANSWER:**   Deny.

## AFFIRMATIVE DEFENSES

1.   Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate her damages, if any.

3. Plaintiff's damages, if any, were caused by third parties over whom defendant had no control.

4. Any violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, defendant Blatt, Hasenmiller, Leibsker & Moore, LLC, respectfully requests that judgment be entered in its favor and against plaintiff, that defendant be awarded its costs and fees incurred herein, and that the Court enter such further relief as is just, necessary and proper.

Dated: March 4, 2008

Respectfully Submitted,

BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

By: _/s/ David L. Hartsell_
One of its Attorneys

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2008, I electronically filed the foregoing **DEFENDANT BLATT, HASENMILLER, LEIBSKER & MOORE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> David J. Philipps
> Bonnie C. Dragotto
> Gomolinski & Philipps, Ltd.
> 9760 S. Roberts Road, Suite One
> Palos Hills, Illinois 60465
> (708) 974-2900
> davephilipps@aol.com
> bdragotto@aol.com
>
> Douglas A. Antonik
> Antonik Law Offices
> 411 Main Street
> Mt. Vernon, Illinois 62864
> (618) 244-5739
> antoniklaw@charter.net
>
> Jason M Kuzniar
> Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
> 120 N LaSalle St , Ste 2600
> Chicago, IL 60602
> 312-704-0550
> Jason.Kuzniar@wilsonelser.com

/s/ David L. Hartsell

\5092657.1