**E-FILED**
Wednesday, 26 March, 2008  12:54:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BILLIE BEASON, f/k/a SHORE, | |
| Plaintiff, | |
| v. | Case No.: 2:08-CV-02030-HAB-DGB |
| MIDLAND FUNDING LLC, a Delaware limited liability company, and BLATT, HASENMILLER, LEIBSKER & MOORE LLC, an Illinois limited liability company, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT MIDLAND FUNDING LLC TO PLAINTIFF'S COMPLAINT**

Defendant Midland Funding LLC ("Midland Funding" or "Defendant"), by its undersigned

attorneys, for its Answers and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §
1331.

**ANSWER:**      Defendant admits the allegations contained in this paragraph.

2.      Venue is proper in this District because the acts and transactions occurred here,
Plaintiff resides here and Defendants transact business here.

**ANSWER:**      Defendant admits that venue is proper in this District.  Further answering,

Defendant denies that it transacts business in this District.  Further answering, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph and, therefore, neither admits nor denies the same.

471186.11

## PARTIES

3.      Plaintiff, Billie Beason, f/k/a Shore ("Beason"), is a citizen of the State of Illinois, residing in the Central District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Bank of Marin, but now allegedly owed to Midland Funding, LLC.

**ANSWER:**    Defendant admits that Plaintiff owes a debt to Defendant Midland Funding, LLC, which debt Plaintiff originally incurred and owed to the Bank of Marin. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, neither admits nor denies the same.

4.      Defendant, Midland Funding, LLC, is a Delaware limited liability company, ("Midland"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois. In fact, Defendant Midland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Beason.

**ANSWER:**    Defendant admits that it is a Delaware limited liability company. Further answering, Defendant denies the remaining allegations contained in this paragraph.

5.      Defendant Midland is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC. The debts that Midland buys are often so old that they are beyond the statute of limitations, and Midland often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

**ANSWER:**    Defendant admits that it is a debt buyer. Further answering, Defendant denies the remaining allegations contained in this paragraph.

6.      Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), is an Illinois limited liability company and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Beason.

2

471186.1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

## FACTUAL ALLEGATIONS

7.    At some point in the past, Ms. Beason allegedly opened an account for a Bank of Marin credit card, which subsequently became delinquent.

**ANSWER:**    Upon information and belief, Defendant admits the allegations contained in this paragraph.

8.    On May 14, 2007, Defendants filed a lawsuit against Ms. Beason in a matter styled: <u>Midland Funding LLC. v. Shore</u>, Case No. 2007-SC-0515 (Coles County, Illinois)(the "State Court Lawsuit"). A copy of the State Court Lawsuit is attached as Exhibit <u>A.</u>

**ANSWER:**    Upon information and belief, Defendant admits that a lawsuit was filed on its behalf against Ms. Beason, and admits that a copy of the complaint in the state court lawsuit is attached as Exhibit A to Plaintiff's Complaint.  Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation contrary to the foregoing.

9.    According to the State Court Lawsuit, Defendant Midland purchased the account from an unidentified, purported "predecessor in interest". <u>See</u>, ¶3 of the "Affidavit" attached to Defendants' State Court Lawsuit at Exhibit <u>A</u> hereto.

**ANSWER:**    Defendant states that the referenced Affidavit is a written document that speaks for itself, and denies any and all allegations contained in this paragraph that are contrary to the terms of that writing.  Further answering, Defendant denies the remaining allegations contained in this paragraph and denies any allegation that is contrary to the foregoing.

10.    The complaint in the State Court Lawsuit falsely claimed that Midland was "authorized to do business in the State of Illinois" - even though Defendant Midland, a Delaware limited liability company, is not licensed to conduct business in Illinois, as required by 805 ILCS 5/13.70. <u>See</u>, Exhibit <u>A.</u>

471186.1

**ANSWER:**    Defendant states that the referenced Complaint is a written document that speaks for itself, and denies any and all allegations contained in this paragraph that are contrary to the terms of that writing.  Further answering, Defendant denies the remaining allegations contained in this paragraph and states further that it is authorized to do business in the State of Illinois.

11.    The complaint in the State Court Lawsuit claimed to be based on an alleged contract originally entered into between Bank of Marin and Ms. Beason, but did not assert a claim for breach of a written contract. In fact, Defendants failed to attach to the complaint in the State Court Lawsuit any evidence of the alleged contract, failed to attach any documents, or allege any facts, supporting the alleged contract, and failed to attach any evidence of, or allege in detail, the several assignments between the original creditor and all owners of the debt prior to Defendant Midland. See, Exhibit A.

**ANSWER:**    Defendant states that the referenced Complaint is a written document that speaks for itself and, therefore, denies any and all allegations contained in this paragraph that are contrary to the terms of that writing.  Further answering, Defendant denies the remaining allegations contained in this paragraph and denies any allegation that is contrary to the foregoing.

12.    Instead, the complaint in the State Court Lawsuit asserted that Ms. Beason was liable to Midland based upon an "account stated" in the amount of $774.07. Moreover, Defendants claimed, in a purported affidavit attached to the complaint in the State Court Lawsuit, that "the final statement of account" for the debt allegedly owed by Ms. Beason was dated "2002-03-11", yet they sued her more than five years later on May 14, 2007 - beyond the 5-year statute of limitations. See, Exhibit A.

**ANSWER:**    Defendant states that the referenced Complaint and Affidavit are written documents that speak for themselves and, therefore, denies any and all allegations contained in this paragraph that are contrary to the terms of those writings.  Further answering, Defendant denies the remaining allegations contained in this paragraph and denies any allegation that is contrary to the foregoing.

13.    In the State Court Lawsuit, Defendants claimed that Ms. Beason was liable for the purported balance of the alleged debt, as well as an unspecified amount of costs. See, Exhibit A.

**ANSWER:**    Defendant states that the referenced complaint is a written document that speaks for itself and, therefore, denies any and all allegation contained in this paragraph that are contrary to the

4

471186.1

terms of that writing. Further answering, Defendant denies the remaining allegations contained in this paragraph and denies any allegation that is contrary to the foregoing.

14. Defendants have a policy, practice and procedure of filing lawsuits on scavenged debt as to which they have no documentary proof and cannot, or do not have any intention to, obtain. Instead, Defendants rely upon obtaining default judgments against consumers, but close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

15. Here, when Ms. Beason challenged Defendants' State Court Lawsuit via a motion to dismiss, the Defendants folded up shop and moved to strike their bogus lawsuit with leave to re-file it; Defendants, however, failed to re-file their lawsuit within the time prescribed by the State Court.

**ANSWER:** Upon information and belief, Defendant admits that the State Court Lawsuit was voluntarily dismissed without prejudice and has not been re-filed. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

16. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

**ANSWER:** Defendant objects to the extent the phrase "collection actions at issue" is undefined and, therefore, Defendant is unable to answer the allegations contained in this paragraph. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services. Ltd. Partnership, 27 F .3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** Defendant makes no response to the allegations contained in this paragraph as they seek legal conclusions to which no answer is required. Further answering, to the extent that an answer is required, Defendant admits that the referenced decision is a written document that speaks for itself.

5

## COUNT I
## Violation Of § 1692e Of The FDCPA -False Statements

18.    Plaintiff adopts and realleges ¶¶ 1-17.

**ANSWER:**    Defendant adopts and realleges its answers to Paragraphs 1 through 17 as though

fully stated herein.

19.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any
deceptive or misleading representation or means in connection with the collection of a debt. <u>See</u>, 15
U.S.C. § 1692e.

**ANSWER:**    Defendant makes no response to the allegations contained in this paragraph as they

seek legal conclusions to which no answer is required. To the extent that an answer is required,

Defendant admits that the referenced statute is a written document that speaks for itself, and denies

any and all allegations contained in this paragraph that are contrary to that statute.

20.    Defendants' collection actions violating § 1692e of the FDCPA, include, but are not
limited to:

       A)    falsely stating that Defendant Midland was "authorized to    do
business in the State of Illinois";

       B)    falsely claiming that an account stated existed;

       C)    attaching a false affidavit in support of the State Court Lawsuit;
and,

       D)    falsely filing suit beyond the applicable statute of limitations; were
false or deceptive or misleading.

**ANSWER:**    Defendant denies the allegations contained in this paragraph, including sub-

paragraphs A through D.

21.    Defendants' violations of § 1692e of the FDCPA render them liable for actual and
statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

6

471186.1

## COUNT II
## Violation Of § 1692f Of The FDCPA-Unfair Or Unconscionable Collection Actions

22.     Plaintiff adopts and realleges ¶¶ 1-17.

**ANSWER:**    Defendant adopts and realleges its answers to Paragraphs 1 through 17 as though fully stated herein.

23.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

**ANSWER:**    Defendant makes no response to the allegations contained in this paragraph as they seek legal conclusions to which no answer is required. Further answering, to the extent that an answer is required, Defendant admits that the referenced statute is a written document that speaks for itself, and denies any and all allegation contained in this paragraph that are contrary to that statute.

24.     Defendants' collection actions that were unfair or unconscionable, in violation of § 1692f of the FDCPA, include, but are not limited to:

A)     filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor likely any ability, ever to obtain documentary proof to support their claims;

B)     filing a lawsuit when Midland was not licensed or registered to do so in the State of Illinois;

C)     asserting an inapplicable theory of recovery, namely an account stated, when, in fact, an account stated did not exist;

D)     attaching a false affidavit in support of the State Court Lawsuit; and,

E)     filing suit beyond the applicable statute of limitations.

**ANSWER:**    Defendant denies the allegations contained in this paragraph, including sub-paragraphs A through E.

25.     Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

7

471186.1

WHEREFORE, Defendants request that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.      Assuming Defendant's alleged acts or omissions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., which Defendant denies, any violation was not intentional and resulted from a *bona fide* error under 15 U.S.C. § 1692k(c).

2.      Plaintiff fails to state a claim upon which relief can be granted.

3.      Plaintiff has failed to mitigate her damages, if any.

4.      Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control.

WHEREFORE, Defendants request that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

**Midland Funding LLC, Defendant**

By: */s/ Jason M. Kuzniar* _____
        One of its attorneys

Jason M. Kuzniar, Esq.
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER, LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550

8

471186.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 26, 2008, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Bonnie C. Dragotto (bdragotto@aol.com)
David L. Hartsell (dhartsell@mcguirewoods.com; ltoenies@mcguirewoods.com)
Amy R. Jonker (ajonker@mcguirewoods.com; ltoenies@mcguirewoods.com)
David J. Philipps (davephilipps@aol.com)

and I further certify that I mailed the same day a true and correct copy of the above and foregoing to the following non-ECF participants:

Douglas A. Antonik
ANTONIK LAW OFFICES
411 Main St.
Mt. Vernon, IL 62864


_/s/ Jason M. Kuzniar_ _____
Jason M. Kuzniar

471186.1